

1253

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 2, 1957

Honorable Joe Resweber
County Attorney, Harris County
Harris County Courthouse
Houston 2, Texas

Opinion No. WW-267

Re: May County Funds legally
be disbursed if any part
thereof be used to pay
expense items incurred
in connection with a con-
tract entered into be-
tween the Trustees of
Baylor University and
the Board of Managers
of Jefferson Davis Hos-
pital?

Dear Mr. Resweber:

You have requested an opinion of this office concern-
ing disbursement of County Funds under the provisions of a
certain contract. In your request, you posed the following
question:

"Are County funds legally disbursed if
any part thereof be used to pay expense items
incurred in connection with the attached con-
tract between the Trustees of Baylor University
and the Board of Managers of Jefferson Davis
Hospital?"

Article 4494l, Vernon's Civil Statutes, reads in part
as follows:

"Section 1. Any county of the State and
any incorporated city or town within such county,
acting through the Commissioners Court of such
county and the governing body of such city or
town, may jointly establish, erect, equip, main-
tain and operate a hospital or hospitals for the
care and treatment of the sick, infirm, and/or
injured; and for the purposes of establishing,
erecting, equipping, maintaining and operating
such a hospital or hospitals, the Commissioners
Court of any county and the governing body of
any city or town within such county may, by re-
solution or other appropriate action, confer
upon, delegate to and grant to a Board of Managers

as hereinafter provided, full and complete auth-
ority to establish, erect, equip, maintain and
operate such hospital or hospitals. . . .

"  . . .

"Sec. 4.   Such Board of Managers shall
have full and complete authority to enter into
any contract connected with or incident to the
establishment, erection, equipping, maintaining
or operating such hospital or hospitals, and in
this connection shall have authority to disburse
and pay out all funds set aside by such county
and such city or town for purposes connected with
such hospital or hospitals, and such action by
such city or town as though such action had been
taken by the Commissioners Court of such county
or governing body of such city or town.

"  . . .

"Sec. 7.   In connection with the erection
and equipping of such hospital or hospitals said
Board of Managers shall have the authority to
determine the manner of expending any funds that
may have been provided by such county and such
city or town for such purpose, whether by the
issuance of bonds or other obligations, or by
appropriations from other funds of such county
and city or town, it being the intention by this
Act to grant to such Boards the complete author-
ity to manage and control all matters affecting
such hospitals, reserving to such county and city
or town the right only to appoint members to such
Board of Managers and to approve the annual budget
hereinabove provided for."

The above quoted provisions clearly grant to the Com-
missioners Court of any county and to the governing body of
any city or town the power to erect, equip and operate a
joint city-county hospital.   They further provide that the
operation of the hospital shall be under the control of a
Board of Managers who shall have "full and complete author-
ity to enter into any contract connected with or incident to
the establishment, erection, equipping, maintaining or operat-
ing such hospital".

Pursuant to the provisions of Article 4494l, Vernon's
Civil Statutes, Harris County and the City of Houston entered
into the joint operation of Jefferson Davis Hospital.   In

accordance with the above quoted provisions, the Board of Managers of Jefferson Davis Hospital entered into a contract with the Board of Trustees of Baylor University, whereby the University, through its Medical School located in Houston, agreed to furnish certain personnel and services to Jefferson Davis Hospital in return for the performance of other services on the part of the Board of Managers.

It is our opinion that inasmuch as the contract in question provides for an increase in the professional staff and the medical facilities of Jefferson Davis Hospital, it is a contract which clearly falls within the discretion of the Board of Managers of the hospital, inasmuch as it is incident to the operation of the hospital. This being so, we see no reason why county funds which have been allocated to the hospital by the Commissioners Court of Harris County, should not be spent to pay expenses incurred in connection with the provisions of the contract in question. For this reason, we answer your question in the affirmative.

## S U M M A R Y

County funds may legally be disbursed even though a part thereof be used to pay expense items incurred in connection with a contract between the Trustees of Baylor University and the Board of Managers of Jefferson Davis Hospital.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Wayland C. Rivers, Jr.
Assistant

WCR:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman
Wayland C. Rivers, Jr.
John H. Minton, Jr.
W. V. Geppert
J. C. Davis, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
     James N. Ludlum